**Nancy J. STONE, Plaintiff—Appellant,**

v.

**State of HAWAII, DEPARTMENT OF EDUCATION, Defendant—Appellee.**

**No. 02–17437.**

**D.C. No. CV–01–00561–SOM.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

Nancy J. Stone, pro se, Kailua, HI, for Plaintiff–Appellant.

Dorothy D. Sellers, Office of the Attorney General, Edward Mulligan, Kathleen N.A. Watanabe, Kimberly Tsumoto, Attorney General's office, Honolulu, HI, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Nancy J. Stone appeals pro se the district court's summary judgment in favor of the Hawaii Department of Education ("HDE") in her Title VII employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 814 (9th Cir.2002), and we affirm.

The district court correctly granted summary judgment on Stone's claims of discrimination based on race and national origin while she was employed at Mokulele Elementary School ("Mokulele"). Stone failed to establish a prima facie case of disparate treatment because she did not show that she was subjected to any adverse employment action. *See id.* at 818 (setting forth elements of prima facie case of disparate treatment); *Brooks v. City of San Mateo*, 229 F.3d 917, 928–29 (9th Cir. 2000) (describing adverse employment actions and explaining that "ostracism suffered at the hands of coworkers cannot constitute an adverse employment action").

Similarly, the district court correctly granted summary judgment on Stone's claim of a hostile work environment at Mokulele. Stone failed to establish a prima facie case because she offered no evidence that she was subjected to verbal or physical conduct of a racial nature. *See Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998) (setting forth elements of prima facie case of hostile work environment claim).

The district court also properly granted summary judgment on Stone's claim that she was discriminated against based on

her race and national origin while seeking a new teaching position for the 2000–2001 school year. Stone failed to produce any evidence that HDE's legitimate, non-discriminatory reasons for not hiring her for several teaching positions for which she applied were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062–63 (9th Cir.2002).

We affirm the summary judgment on Stone's retaliation claim because she failed to establish that filing a complaint in October 2000 with the Hawaii Civil Rights Commission and the Equal Employment Opportunity Commission caused her difficulty in finding a satisfactory teaching position. *See id.* at 1064–65.

Stone's remaining contentions also lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.